UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**BARBARA LANG,**
   Petitioner,

v.                                    No. 4:24-cv-0788-P

**WARDEN RULE,**
   Respondent.

## OPINION AND ORDER

Came on for consideration the petition of Barbara Lang under 28 U.S.C. § 2241. The Court, having considered the petition, the response, the reply, the record, and applicable authorities, concludes that the petition must be **DENIED**.

Petitioner is serving a total term of imprisonment of 280 years for conspiracy to distribute and dispense controlled substances, in violation of 21 U.S.C. § 846, for maintaining a drug involved business, in violation of 21 U.S.C. § 856(a)(1), and for structuring financial transactions to evade reporting requirements, in violation of 31 U.S.C. § 5324(a)(3). ECF No. 17 at App. 011–016. She contends that her time credits under the First Step Act ("FSA"), for Good Conduct Time, and Second Chance Act placement should be "upfront loaded" and that she should be placed in prerelease custody. ECF No. 11; ECF No. 23.

The FSA authorizes the Bureau of Prisons ("BOP") to grant time credits to eligible inmates. 18 U.S.C. § 3624(g). Calculation of time credits lies within the discretion of the BOP. 18 U.S.C. § 3624(b). "An eligible inmate . . . may earn FSA Time Credits for programming and activities in which he or she participated from December 21, 2018, until January 14, 2020," and "may earn FSA Time Credit if he or she is successfully participating in EBRR [Evidence-Based Recidivism Reduction] programs or PAs [Productive Activities] that the Bureau has recommended based on the inmate's individualized risk and needs assessment on or after January 15, 2020." 28 C.F.R. § 523.42(b).

Depending on his or her status, an inmate may earn either ten or fifteen days' credit for every thirty-day period of successful participation in EBRR Programs or PAs recommended. 28 C.F.R. § 523.42(c). Assuming the inmate meets the eligibility criteria set forth in 18 U.S.C. § 3632(g)(1), and has a term of supervised release to serve, the BOP may apply the credits to transfer the inmate to supervised release up to twelve months early. 18 U.S.C. § 3624(g)(3); 28 C.F.R. § 523.44(d). The FSA time credits are applied when the inmate has earned time credits in an amount that is equal to the remainder of his or her term of imprisonment. 18 U.S.C. § 3624(g)(1)(A).

Petitioner has attached worksheets to her petition purporting to reflect the time credits she is due. ECF No. 11 at 25–26.[1] Her calculation is apparently based on the mistaken premise that all credits are to be "upfront loaded." *Id.*, *passim*. As best the Court can tell, the argument is based on a misreading of 18 U.S.C. § 3624(g)(10), which provides that the time limits on the length of a prerelease placement are waived. *See Mills v. Starr*, No. 21-1335, 2022 WL 4084178, at *4 (D. Minn. Aug. 17, 2022), *adopted*, 2023 WL 2645030 (D. Minn. Mar. 27, 2023) (discussing this theory). FSA time credits are not applied until such time as the inmate has earned time credits in an amount equal to the remainder of the term of imprisonment because earned credits may be lost as a result of misconduct. *See Sharp v. Brown*, No. 3:23-cv-138, 2024 WL 3493792, at *3 (N.D.W.Va. July 22, 2024). Likewise, good time credits are not prospectively awarded except for the last year of a term of imprisonment because such credit is awarded for exemplary compliance with institutional disciplinary regulations. 18 U.S.C. § 3624(b). Good time credits may be lost for disciplinary violations so long as due process is afforded. *See Wolff v. McDonnell*, 418 U.S. 539 (1974).

The Court is satisfied that the time credits have been appropriately calculated by the BOP. ECF No. 16 at 3–4; ECF No. 17 at App. 005–006. Petitioner has not shown that there is any error in Respondent's calculation or that he abused his discretion. *See Gutierrez v. Hijar*, No. EP-23-cv-75-FM, 2023 WL 2317790, at *3 (W.D. Tex. Feb. 28, 2023)

---

[1] The page number references to the amended petition are to "Page __ of 80" reflected at the top right portion of the document on the Court's electronic filing system.

2

(petitioner's burden to show he is in custody in violation of the Constitution or laws of the United States), *appeal dism'd*, No. 23-50187, 2023 WL 5955234 (5th Cir. June 21, 2023).

Finally, Petitioner's request to be placed in prerelease custody (home confinement) is based on the erroneous premise that she is entitled to the time credits she has calculated and the contention that she is eligible for home confinement as an elderly person.[2] Release from institutional custody is a change in conditions of confinement and not cognizable under § 2241 in any event. *See Melot v. Bergami*, 970 F.3d 596, 599 (5th Cir. 2020) (challenge to exclusion from program allowing home confinement is more properly brought as a *Bivens* action); *Mosley v. Reiser*, No. 3:21-cv-394-TSL-RPM, 2022 WL 16572029, at *2 (S.D. Miss. Nov. 1, 2022) (petition regarding placement in home confinement is not a habeas claim), *aff'd*, No. 22-60625, 2023 WL 3947169 (5th Cir. June 12, 2023). Placement of an inmate lies within the discretion of the BOP. 18 U.S.C. § 3621(b). *See United States v. Sneed*, 63 F.3d 381, 388 n.6 (5th Cir. 1995).

**SO ORDERED** on this **13th day of February 2025.**

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE

---

[2] Petitioner did not qualify for release under the pilot program of the Second Chance Act because she has not served 2/3 of her term of imprisonment. ECF No. 17 at App. 007–008. The program expired at the end of fiscal year 2023. ECF No. 16 at 6.

3